IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL I. CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3266 |
| | ) | |
| v. | ) | |
| | ) | |
| COLBY CHRISTENSEN, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion for appointment of counsel (Filing No. 7) filed by the plaintiff, Raul I. Calderon, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"); and plaintiff's order to show cause for a State/City injunction, which has been docketed as a motion for a preliminary injunction (Filing No. 8), and motion for leave to amend state injunction (Filing No. 9). In his complaint, the plaintiff seeks damages and release from confinement pursuant to 42 U.S.C. § 1983, alleging that he has been subjected to excessive force, harassment, false charges, endangerment, abuse, discrimination, inadequate medical care, denial of access to the courts, and other wrongs, in violation of the United States Constitution, while in DCS custody.

The motion for appointment of counsel will be denied for the same reasons set forth in the order on initial review (Filing No. 6) in which Magistrate Judge F. A. Gossett denied the plaintiff's previous motion for appointment of counsel.

Plaintiff's motion for a preliminary injunction and his motion for leave to amend state injunction will be denied as the plaintiff has failed to comply with Fed. R. Civ. P. 65, a copy of which is attached to this memorandum and order. In addition, the plaintiff has not yet returned his summons forms for service of process on the defendants as required by the order on initial review. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for appointment of counsel is denied;

2) Plaintiff's motion for a preliminary injunction and motion for leave to amend state injunction are denied.

DATED this 11th day of December, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

Federal Rules of Civil Procedure Rule 65

(a) Preliminary Injunction.

(1) Notice. No preliminary injunction shall be issued without notice to the adverse party.

(2) Consolidation of Hearing With Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

(b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

(c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who

is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

The provisions of Rule 65.1 apply to a surety upon a bond or undertaking under this rule.

(d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

(e) Employer and Employee; Interpleader; Constitutional Cases. These rules do not modify any statute of the United States relating to temporary restraining orders and preliminary injunctions in actions affecting employer and employee; or the provisions of Title 28, U.S.C., § 2361, relating to preliminary injunctions in actions of interpleader or in the nature of interpleader; or Title 28, U.S.C., § 2284, relating to actions required by Act of Congress to be heard and determined by a district court of three judges.

(f) Copyright Impoundment. This rule applies to copyright impoundment proceedings.