IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
RAUL I. CALDERON,             )
                              )
            Plaintiff,        )          4:06CV3266
                              )
    vs.                       )
                              )
COLBY CHRISTENSEN, et al.,    )          MEMORANDUM AND ORDER
                              )
            Defendants.       )
_____)
```

This matter is before the Court on the following pending motions filed by the plaintiff, Raul I. Calderon, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"):  (1) motions for preliminary injunction (Filing Nos. 15, 18, 19 and 21); and (2) motions for summons and information (Filing Nos. 16 and 20).  In his complaint, the plaintiff seeks damages and release from confinement pursuant to 42 U.S.C. § 1983.

### Motions Regarding Injunction

The court denied the plaintiff's first motion for a preliminary injunction (see Filing No. 12), explaining that the plaintiff had failed to comply with Fed. R. Civ. P. 65, and that the plaintiff had not yet returned his summons forms for service of process on the defendants, in their official capacity, as required by the Order on Initial Review.  The plaintiff has still failed to return his forms for service of process, and he has yet to comply with Fed. R. Civ. P. 65, even though the Court attached

a copy of the rule to its order.  However, for more important reasons, the preliminary injunction which the plaintiff seeks cannot be granted by this Court.

The plaintiff contends that he is being held hostage by DCS on a false conviction which was obtained illegally, and that his life is in danger.  His requests for an interstate transfer have been unsuccessful, and he fears that he will be murdered in prison.

However, a claim regarding a false or erroneous conviction cannot be brought in the form of a civil rights action such as this unless and until the conviction has first been invalidated or overturned in a state proceeding or through a federal writ of habeas corpus.  *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78(2005):  "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead."  (Citations omitted.)  *See also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's confinement is not cognizable unless the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").  *See also*

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Therefore, the plaintiff cannot obtain the injunction he seeks releasing him from DCS custody in a civil rights action because his conviction has not been invalidated by a state court or in a habeas corpus proceeding.  For the foregoing reasons, the motions for preliminary injunction will be denied.

### Summons Forms

The plaintiff has amended his complaint (Filing No. 11) to clarify his intent to sue the defendants in both their individual and official capacities.  Therefore, as set forth in the court's Order on Initial Review, the plaintiff is now entitled to additional summons and USM-285 forms for service of process on each defendant in his or her individual capacity. Accordingly, the Clerk of Court shall send the plaintiff a summons and a USM-285 form for each named defendant, and the plaintiff shall complete the forms and return them to the Court as set forth below.  The motions for summons will be granted to that extent.  Accordingly,

IT IS ORDERED:

1) Plaintiff's motions regarding preliminary injunctive relief (Filing Nos. 15, 18, 19 and 21) are denied;

2) Plaintiff's motions requesting additional summons forms (Filing Nos. 16 and 20) are granted;

3)   That the Clerk of Court shall send the plaintiff a summons and a USM-285 form for each named defendant, and the plaintiff shall complete the forms and return them to the Court for service of process on each defendant in his or her individual capacity;

4)   That upon receipt of the completed forms for service of process, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process; the Court will copy the complaint for the Marshal; the Marshal shall serve each summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

5)   That, pursuant to the Court's Order on Initial Review giving the plaintiff 120 days to complete service of process, all defendants must be served by March 22, 2007; thus, the plaintiff must return his completed forms promptly in order to give the Marshal sufficient time to complete service of process on the plaintiff's behalf.  Absent timely service of process, this case will be dismissed.

DATED this 1st day of February, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court